# UNITED STATES DISTRICT COURT

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

v.

ESPEL CALIXTO, JR. A/K/A "PICO"
22 WADE AVENUE
WOBURN, MA

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

M.J. NO.: 04-M0010-LPC

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about **August 3, 2004** in **Middlesex** County in the District of **Massachusetts**, defendant did knowingly or intentionally possess with intent to distribute and distribute: cocaine, a Schedule II controlled substance, in violation of Title **21** United States Code, Section(s) **841(a)(1)**. I further state that I am a **DEA Special Agent** and that this complaint is based on the following facts:

**Please see attached Affidavit of S/A Todd F. Prough**

Continued on the attached sheet and made a part hereof:   [x] Yes   [ ] No

_____
Signature of Complainant
Todd F. Prough
Special Agent

Sworn to before me and subscribed in my presence,

**August 4, 2004**                at **Boston, Massachusetts**
Date                                  City and State

LAWRENCE P. COHEN
United States Magistrate Judge                _____
Name and Title of Judicial Officer              Signature of Judicial Officer

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Todd F. Prough, being duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.  I am a Special Agent with the Drug Enforcement Administration ("DEA") of the United States Department of Justice, and have been so employed for approximately seven years. I am currently assigned to the Boston Field Division's Cross Borders Initiative Task Force in Lowell, Massachusetts. Prior to joining the DEA, I was employed as a detective with the Lycoming County District Attorney's Office in Lycoming County, Pennsylvania, for approximately three years. During my law enforcement career, I have received specialized training regarding the activities of narcotics traffickers, including the methods used to package, store, and distribute narcotics, and the methods used by narcotics traffickers to conceal and launder the proceeds of their narcotics trafficking activities.

2.  In addition to my training, I have had extensive experience in the investigation of the activities of narcotics traffickers. Since joining the DEA, I have participated in numerous narcotics investigations as a case agent and in a subsidiary role. I have debriefed more than 100 defendants, informants, and witnesses who had personal knowledge about narcotics trafficking activities and the operation of narcotics

trafficking organizations. I personally have participated in all aspects of narcotics trafficking investigations, including conducting surveillance, using confidential informants, acting in an undercover capacity, and conducting court-authorized interceptions of wire and electronic communications. During my law enforcement career, I have also participated in the preparation and/or execution of numerous search warrants.

3. I have participated in the investigation described in detail below. During my work on this investigation, I have conducted surveillance and interviewed witnesses about their knowledge of the matters described below. I have also reviewed reports prepared by agents regarding other witness interviews, and discussed this case with other law enforcement officers who have assisted in this investigation. I thus am familiar with this investigation as a result of my personal participation in it, my conversations with other law enforcement officers and my analysis of reports and records prepared by others. I submit this affidavit based upon my personal knowledge derived from my participation in this investigation and upon information that I have received from a variety of other sources, including other law enforcement officers and agents.

4. I am submitting this affidavit in support of an application for a criminal complaint charging ESPEL CALIXTO, JR. AKA "PICO", with possession with intent to distribute and

distribution of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a).

5. This affidavit is being submitted for the limited purpose of establishing probable cause to believe that CALIXTO has committed the above-described offenses. Accordingly, I have not included each and every fact known to myself and other law enforcement officers involved in this investigation.

6. The immediate investigation of CALIXTO was initiated in late July 2004 when the Woburn, Massachusetts Police Department developed a cooperating witness who identified CALIXTO as a source of supply for cocaine. During the months of July and August 2004, several controlled purchases of cocaine have been made from CALIXTO using a cooperating witnesses. One of these purchases was made on August 3, 2004. It is described more fully below.

7. At approximately 3:00 pm on August 3, 2004, agents met with a cooperating witness (hereinafter "the CW") who was to attempt to buy cocaine in the Creston Avenue Housing Project from CALIXTO. The CW was given a recording device, $150 in official government funds ("OGF"), and was driven in an undercover vehicle to an area outside the Creston Avenue Housing Project. He/she arrived there at approximately 3:25 pm, and was surveilled as he/she went into the complex.

8. The CW was observed making contact with an individual

known to surveillance agents as CALIXTO.

9.  CALIXTO and the CW had a brief conversation and they then walked together behind one of the buildings in the Creston Avenue Project. A few moments later, the CW and CALIXTO walked from behind the building.

10. The CW then went to a prearranged meeting location, where he/she was picked up and taken to be debriefed. During debriefing, the CW advised that, after he/she went behind a building the individual that the surveillance agent identified as CALIXTO, he/she made a purchase of cocaine for $100. CALIXTO and the CW were videotaped walking behind the building immediately before the purchase and the two were videotaped walking out minutes later.

11. During the debriefing, the CW also provided me with $50 in OGF and the two bags of the white powder that CALIXTO had handed him. I looked at the material in the bags and, based on my training and experience, I believed it to be cocaine. The baggies of material were field tested with positive results for cocaine.

12. Based upon the foregoing, I submit there is probable cause to believe that, on August 3, 2004, ESPEL CALIXTO, JR, A/K/A "PICO" possessed with the intent to distribute and did distribute cocaine, in violation of Title 21, United States

Code, Section 841(a)(1).

Signed under the pains and penalties of perjury this __4th__ day of August, 2004.

_____
Todd F. Prough
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this __4th__ day of August, 2004.

_____
LAWRENCE P. COHEN
UNITED STATES MAGISTRATE
JUDGE

5