UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
|  | ) | 04-10269-GAO |
|  | ) |  |
| V. | ) |  |
|  | ) |  |
| ESPEL CALIXTO, JR. | ) |  |
|  | ) |  |

### MOTION TO CONTINUE SENTENCING DATE AND TO ENLARGE TIME FOR FILING OBJECTIONS TO PRESENTENCE REPORT AND TO FILE SENTENCING MEMORANDUM

      Now comes the defendant, and respectfully moves this Honorable Court to continue the presently scheduled September 26, 2007 sentencing date for a period of ninety days. The defendant further moves for a corresponding enlargement of time to file objections to the presentence report and enlargement of time to file a sentencing memorandum. The defendant acknowledges that the Court previously indicated that no further continuances would be granted.

      As grounds for this request, the defendant states that since the previous request for a continuance, undersigned counsel has incurred a second major medical ailment, unrelated to the brain hemorrhage, which necessitated the last request. Specifically, counsel suffered a ruptured Achilles tendon, which necessitated surgery. Further, there have been post surgical complications in that the surgical wound has not healed properly and has opened, thus increasing the risk of infection and further surgery. These complications have effectively disabled counsel. Counsel is next scheduled to be evaluated by his surgeon on September 25, 2007. It appears to counsel that there has been improvement in the healing of the wound since his last examination and he is hopeful that additional surgery will not be necessary. In the meantime, however, he has been instructed to keep his movement to a minimum.

      Unfortunately, the most recent injury occurred just as counsel was recovering from the earlier brain hemorrhage. The end result of the two medical issues has been that counsel has been precluded him from preparing for the presently scheduled sentencing date. Counsel has been unable to meet with or maintain steady communication with the defendant or respond to the initial PSI report or prepare a sentencing memorandum in a timely manner. There have also been significant delays in coordinating the effort to have the defendant undergo a psychiatric evaluation by Dr. Eric Mart as an aid to sentencing. In addition, Dr. Mart was subsequently hospitalized due to a heart attack. Dr. Mart has been recovering and has tentatively re-scheduled the evaluation for September 21, 2007.

1

A continuance will therefore serve to enable Dr. Mart to complete his evaluation and prepare a report for consideration by the Court prior to sentencing.

Of added concern to the defendant is the fact that efforts to vacate his prior state convictions remain unresolved. The defendant has repeatedly requested that the issue of the motions to vacate be resolved prior to sentencing. The fact that the state matters remain unresolved is through no fault of the defendant and is attributable mainly to counsel. The reason for requesting a ninety day continuance of sentencing is that one of the state courts has entered an order granting the Commonwealth sixty days to respond to the defendant's supplemental pleadings, which are forthcoming. The ninety day continuance should enable these matters to be resolved.

The defendant has requested that counsel complete these matters prior to sentencing and concurs with the filing of this motion. Counsel was able to speak with the defendant just recently and the defendant specifically requested that counsel seek additional time to resolve the state matters. The defendant acknowledges that the continuance period will be excluded from Speedy Trial computation.

It is desirable for all of the parties to have the state matters resolved prior to the sentencing. There is a significant variance in the applicable sentencing guidelines, which is attributable solely to the prior convictions. Having these remain open promises only to extend the life of the post sentencing proceedings. Counsel has considered the possibility of seeking to withdraw from the case due to medical reasons and having the defendant obtain substitute counsel, and had discussed this with the defendant. However, for new counsel to enter at this point and attempt to resolve all of the outstanding issues and prepare for sentencing will take longer than for undersigned counsel to follow through, notwithstanding his medical issues.

Counsel feels that complications from his brain hemorrhage are no longer impacting his ability to represent the defendant. Further, he believes that the wound from his most recent surgery is showing sufficient improvement, so that further surgery will not be recommended. That will put him in a position where, physically, he will be in a cast and using crutches to ambulate. This will enable him to meet with and communicate with the defendant, coordinate and appear at the state court proceedings, and prepare the appropriate pleadings and appear at sentencing.

Counsel has discussed the foregoing with Assistant United States Attorney Lisa Asiaf. It should be noted that the government has been very accommodating throughout this case. While sympathetic to counsel's medical condition, the government is understandably mindful of the history of the case, including the Court's prior ruling that no further continuances would be granted. The government would not be opposed to a "brief" continuance due to counsel's current medical condition. This is not intended to be presented by the undersigned as an assent to a ninety day continuance.

The request for ninety days, as explained above, is for the purpose of allowing counsel to resolve the state matters prior to sentencing. While from a physical

standpoint, counsel is capable of appearing before the Court well before that, the defendant would be placed in the untenable position of having the state proceedings remain unresolved. For that reason the defendant requests that the Court grant a ninety day continuance.

                                                Respectfully submitted,
                                                Espel Calixto, Jr.,
                                                By his attorney,

                                                /s/ Francis T. O'Brien, Jr.
                                                FRANCIS T. O'BRIEN, JR.
                                                BBO # 548457
                                                One Constitution Center
                                                Boston, MA  02109
                                                617-886-0500

Dated: September 18, 2007


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing has been served upon AUSA Lisa M. Asiaf, United States Attorney's Office, Suite 9200 U.S. Courthouse, 1 Courthouse Way, Boston, MA  02210.

Dated: September 18, 2007
                                    /s/ Francis T. O'Brien, Jr.
                                      Francis T. O'Brien, Jr.