UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
|  | ) | 04-10269-GAO |
|  | ) |  |
| V. | ) |  |
|  | ) |  |
| ESPEL CALIXTO, JR. | ) |  |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDA

Now comes the defendant and respectfully submits this response to the two sentencing memoranda filed by the government.

### GOVERNMENT'S INITIAL SENTENCING MEMORANDUM

With regard to the government's objection to the defendant's request for traditional departures and assertion that the defendant cited no legal authority for the following grounds for departure, the defendant responds as follows:

**Saving the Life of Tommy McCool**: In **United States v. Acosta**, 846 F. Supp. 278 (SDNY 1994), the court found that the defendant's actions in saving the life of another, under circumstances which were unrelated to the underlying offense, justified a departure from the applicable sentencing guidelines.

**Assisting the Woburn Police in Removing Guns From Street**: In **United States v. Kaye**, 140 F.3d 86 (2d Cir. 1998), the court found that downward departure pursuant to U.S.S.G. section 5K2.0 was appropriate based upon defendant's cooperation with state and local authorities.

**Defendant's Career Offender Status Significantly Over-represents His Criminal History**: Many courts have acknowledged that sentencing judges may depart downward based upon the principles set forth in S.4A1.3.  See e.g. **United States v. Spencer**, 25 F. 3d 1105, 1112 (D.C. Cir.1994), where it was noted that S.4A1.3 authorizes downward departure when criminal history category assigned pursuant to the career offender Guideline significantly overrepresents the seriousness of a defendant's past criminal conduct and the likelihood of recidivism.  See also **United States v. Webb**, 139 F.3d 1390, 1395-96 (11th Cir. 1998); **United States v. Ennis**, 468 F. Supp.2d 228, 234 (D. Mass. 2006) and cases cited.

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The government filed a supplemental memorandum yesterday which included 9 Exhibits, consisting of letters from various individuals. The defendant simply offers the following perspective:

Maria Mas, with whom the defendant has a daughter, Adore, has become engaged to Joseph Passanise. The defendant is sincere in his wish that the marriage bring happiness to Maria and her children. He truly has no interest in maintaining anything more than a civil and respectful relationship with Maria, to the extent necessary to maintain a relationship with his daughter. He does take issue with any suggestion that he has not been a loving and caring father, or that Adore does not wish to maintain a relationship with him and the defendant's other children. This is simply contrary to the facts.

Although he does not know him personally, it has been the defendant's impression that Mr. Passanise has been desirous of cementing his relationship with Maria and her children by essentially attempting to eliminate the existence of the defendant. This is reflected in the eleventh hour letter writing campaign and believes that this effort was orchestrated by Mr. Passanise. While on a certain level the defendant understands Mr. Passanise's perceived need to establish himself as husband and father figure, he objects to the notion that his sentencing should be factored into this equation in any manner. He has no desire to interfere with the future for Maria, Mr. Passanise or the rest of their family. He simply wants to maintain an appropriate relationship with Adore, to the extent that she desires.

The defendant requests that the Court put the Government's Exhibits in their proper perspective. The letters submitted by Maria and her family reflect a desire to move on with their lives. That is exactly what they should do. With regard to the letters from the Mulrennan family, it must be remembered that there has been ill will by that family toward the defendant and his family since he began his relationship with Maryellen in their teenage years.

The defendant also has an opportunity to move on with his life and obtain an education and employment which will enable him not only to support himself but to minister to others. He is 43 years old. The misdeeds of the past are behind him. He poses no threat to any other person if he is released. No purpose would be served by throwing away his future over a few small bags of cocaine.

>Respectfully submitted,
>Espel Calixto, Jr.,
>By his attorney,
>
>/s/ Francis T. O'Brien, Jr.
>FRANCIS T. O'BRIEN, JR.
>BBO # 548457
>One Constitution Center
>Boston, MA  02109
>617-886-0500

Dated: January 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served via electronic filing notification to A.U.S.A. Lisa Asiaf, United States Attorney's Office, Suite 9200 U.S. Courthouse, 1 Courthouse way, Boston, MA  02210.

Dated:  January 15, 2008                     /s/ Francis T. O'Brien, Jr.
                                             Francis T. O'Brien, Jr.